# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF TEXAS- GALVESTON DIVISION

DEBRA NELL HOUSTON　　*

Plaintiff　　　　　　　　　*

v.　　　　　　　　　　　　*　　Civil Action No. _____

DISH NETWORK, LLC and　*

BRANDON ERIC EHRHART, *

Individually,　　　　　　　*

Defendants　　　　　　　*

United States Courts
Southern District of Texas
FILED

JUN 22 2020

David J. Bradley, Clerk of Court

### PLAINTIFF'S ORIGINAL PETITION

Plaintiff, DEBRA NELL HOUSTON, files this Complaint pursuant to statutes as set forth below against DISH NETWORK, LLC, and BRANDON ERIC EHRHART, Senior V.P. Deputy General Counsel for DISH NETWORK, LLC, individually and alleges:

### JURISDICTION & VENUE

1. This Court has subject matter jurisdiction over this action pursuant to the Telephone Consumer Protection Act ("TCPA) 47 U.S.C.Sec.227(g)(2).
2. Venue is proper in this District under 47 U.S.C. 227(g)(4). The events or omissions giving rise to the claims alleged in this complaint occurred in this District.

### PLAINTIFF

3. Plaintiff, DEBRA NELL HOUSTON, who resides at 509 McKay Loop Drive, Clute, Brazoria County, Texas 77531, claims that Defendants violated the Telephone Consumer Protection Act. Plaintiff received telephone wireless and internet services from American Telephone & Telegraph (AT&T). AT&T offered to add Defendant DISH NETWORK, LLC television cable service in a service "bundle" with AT&T's telephone, wireless and internet to Plaintiff. Plaintiff accepted the offer but there was no written agreement with Defendants. Defendants provided cable service

and Plaintiff paid the monthly bill for same. Years later, Plaintiff cancelled the Defendants' cable service by telephone and the amount of the final bill was disputed. Defendants and their agents made unsolicited calls to Plaintiff's cell phone which was registered with the National No-Call Registry on October 11, 2011 and with the Texas No- Call Registry in 2014. Plaintiff seeks to obtain actual damages or damages of five hundred dollars ($500) for each of nine (9) violations and up to treble that amount, one thousand five hundred ($1500), for each violation committed willfully and knowingly.

## DEFENDANTS

4. Defendant DISH NETWORK, LLC ("DISH") is a limited liability company formed under the laws of the State of Colorado in January of 1996, with its principal place of business at 9601 South Meridian Blvd., Englewood, Arapahoe County, Colorado 80112-5905. BRANDON ERIC EHRHART is the Senior Vice President, Deputy General Counsel, Corporate Secretary and Registered Agent for service of DISH NETWORK, LLC. Defendant DISH transacts business in the Southern District of Texas.

## THE TELEPHONE CONSUMER PROTECTION ACT

5. The TCPA, enacted in 1991, amended the Communications Act of 1934 by adding 47 U.S.C. § 227, which requires the Federal Communications Commission ("FCC") to ... initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. . . . The regulations required by [the TCPA] may require the establishment and operation of a single national database to compile a list of telephone numbers of residential subscribers who object to receiving telephone solicitations, and to make that compiled list and part thereof available for purchase. If the Commission determines to require such a database, such regulations shall- ... (F) prohibit any person from making or transmitting a telephone solicitation to the telephone number of any subscriber included in such database ... 47 U.S.C. § 227(c)(1) and (c)(3).

6. On June 26, 2003, the FCC revised its rules and promulgated new rules pursuant to the TCPA. These new rules established a "do not call" registry

(the "National Do Not Call Registry" or "Registry") of consumers who do not wish to receive certain types of telemarketing calls. Consumers can register their telephone numbers on the Registry without charge either through a toll-free telephone call or over the Internet at www.donotcall.gov. Sellers, telemarketers, and other permitted organizations can access the Registry over the Internet at telemarketing.donotcall.gov to download the registered numbers. A relevant FCC Do-Not-Call Rule, 47 C.F.R. § 64.1200(c), provides in part: "(c) No person or entity shall initiate any telephone solicitation [as defined in paragraph (f)(14) of this section] to ... (2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." Further, the Texas Telemarketing Disclosure and Privacy Act makes it unlawful for a telemarketer to make a telemarketing call to a telephone number that has been published on the then-current Texas no-call list for more than sixty days. Tex. Bus. & Com. Code § 304.052.

7. The TCPA makes it unlawful to make or caused to be made calls using an automated telephone dialing system…to any telephone number assigned to a …cellular telephone service…" Relevant FCC Rule 47 C.F.R.Sec.64.1200 (a)(1)(iii) similarly prohibits persons from initiating calls to a cellular telephone using and artificial or prerecorded voice without the prior express consent of the called party.

8. The TCPA applies to debt collection calls. In 2013, the Court of Appeals 2nd District of Texas stated: "The Federal Trade Commission has expressly declined to categorically exempt debt collection calls. And we observe that the case in which the United States Supreme Court held that federal and state courts have concurrent jurisdiction over private actions under the TCPA was a suit brought against a debt-collection agency We cannot agree that the TCPA does not apply to debt collection calls…" Brown v. Enterprise Recovery Systems, Inc. Court of Appeals Second District of Texas, Ft. Worth No. 02-11-00436 (Tex.App. Aug.22, 2013)

9. The Telephone Consumer Protection Act ("TCPA") makes it illegal to

solicit sales to cellular devices, via call or text message...

47 U.S.C.§ 227(b)(1)(A)(iii) states that:

> It shall be unlawful for any person with in the Unites States, or any person outside the United States if the recipient is within the United States... to make any call (other than a call made for emergency purposes or make with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice... to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed or guaranteed by the United States;

47 U.S.C.§ 227(b)(3) provides as follows:

> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State...an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation, an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or both such actions...

> ...If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

Defendants violated the TCPA by making unauthorized calls to Plaintiff's cell phone number at the following dates and times. Each number is linked to Defendants, who appear to have used "robo-calling" or automatic telephone dialing systems to make the calls to Plaintiff's number, which was assigned to a cellular service. Plaintiff never gave Defendants prior express invitation, permission or consent to contact her via her cell phone number, written or otherwise.

The prohibited offending nine (9) calls in July and August of 2019 were on the following dates and times, from the numbers indicated, and callers said they represented DISH NETWORK, LLC:

    July 5, 2019 10:24 a.m. from 346-241-9688 to Plaintiff's cell 979-236-8086

    July 8, 2019 10:52 a.m. from 346-241-9688 to Plaintiff's cell 979-236-8086

    July 12, 2019 1:21 p.m. from 346-241-9628 to Plaintiff's cell 979-236-8086

    July 15, 2019 1:06 p.m. from 346-241-9628 to Plaintiff's cell 979-236-8086

    July 16, 2019 10:07 a.m. from 346-241-9658 to Plaintiff's cell 979-236-8086

    July 17, 2019 9:55 a.m. from 346-241-9688 from Roman to Plaintiff's cell 979-236-8086

    July 17, 2019 2:21 p.m. from 346-241-9688 to Plaintiff's cell 979-236-8086

    Aug.8, 2019   9:18 a.m. from 346-299-2708 to Plaintiff's cell 979-236-8086

    Aug. 9, 2019   9:18 a.m. from 346-299-2708 from Kenny Baker to Plaintiff's cell#

At the time of these calls, Plaintiff's cell number had been on the National No Call Registry since October 2011 and on the Texas No-Call Registry since October 2014.  A video of Plaintiff's cellphone screen shots showing time, date and numbers for the incoming calls will be offered in evidence.  Defendants have violated the Act by making telephone calls to Plaintiff's telephone number that was included on the then-current Texas No-Call list for longer than sixty days.  Defendant's knew or should have known that the cell number was on a No-Call registry, thus the unauthorized calls were made willfully or knowingly.  Defendant's attempt to collect a debt is not exempt from the TCPA prohibitions.

The TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), makes it unlawful for any person to: "make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) ... to any telephone number assigned to a... cellular telephone service..." Relevant FCC Rule 47 C.F.R. § 64.1200(a)(1)(iii) similarly prohibits persons from initiating calls to a cellular telephone using an artificial or prerecorded voice without the prior express consent of the called party.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited according to law to appear and answer herein; that after due notice and a hearing, and that judgement be rendered for the Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

1. Enter judgment against Defendants and in favor of Plaintiff for each violation alleged in this complaint;

2. Assess against Defendants and in favor of the Plaintiffs damages of one thousand five hundred dollars ($1,500) for each violation of the nine (9) violations of the TCPA found by the Court to have been committed by Defendants willfully and knowingly; if the Court finds Defendants have engaged in violations of the TCPA which are not willful and knowing, then assessing against Defendants damages of five hundred dollars ($500) for each violation of the nine (9) violations;

3. Order Defendants to pay all costs of court and reasonable attorney's fees

4. Award Plaintiff such other and additional relief, at law or in equity, as the Court may determine just and proper under law or in equity.


Respectfully submitted,

*Debra N. Houston*

DEBRA NELL HOUSTON

Plaintiff, pro se

509 McKay Loop Clute, Texas 77531

(979) 265-5232

debrr@swbell.net

# DEBRA N. HOUSTON
## ATTORNEY & COUNSELOR AT LAW

June 14, 2020

United States Courts
Southern District of Texas
FILED

JUN 22 2020

David J. Bradley, Clerk of Court

Mr. David J. Bradley,
Clerk of the U.S. District Court
U.S. Post Office & Courthouse
601 Rosenberg, Room 411
Galveston, TX 77550

RE: Original Complaint- Debra Nell Houston, Plaintiff v. Dish Network, LLC & Brandon Earl Ehrhart, Defendants

Dear Mr. Bradley;

Enclosed are the Original Complaint, Civil Case Cover Sheet, and an In Forma Pauperis Application and Order. Please file the Original Petition and prepare three certified copies of the Petition so I may either forward them to the Defendants with a waiver or prepare a summons for them. I have enclosed a Credit Card Authorization to cover costs.

If there is a booklet of local rules and preferences of the Judges in the U. S. District Court—Galveston Division, would you please send one to me, along with the Judge's decision concerning the Forma Pauperis Application? Thank you kindly for your time and assistance.

Sincerely,

*Debra N. Houston*

Debra N. Houston

DNH:KKV
ENC.: Petition, Cover sheet, Pauperis Appl. & Order, Credit Card form

509 McKay Loop • Clute, Texas 77531 • (979)265-5232 • debrr@swbell.net



United States Courts
Southern District of Texas
FILED

JUN 22 2020

David J. Bradley, Clerk of Court

Mr. David J. Bradley,
Clerk of the U.S. District Court
U.S. Post Office & Courthouse
601 Rosenberg, Room 411
Galveston, TX 77550



PRIORITY MAIL 1-DAY ®

0 Lb 2.80 Oz
1006

EXPECTED DELIVERY DAY: 06/16/20

C020

SHIP TO:
601 ROSENBERG ST
STE 411
GALVESTON TX 77550-1738

USPS TRACKING® NUMBER



9505 5137 1517 0167 2462 69